Kenneth HENSON, Plaintiff,

v.

SEABOURN CRUISE LINE LIMITED INC., Seabourn Cruise Line Limited Co., Cunard Line Limited Co., Cunard Limited, and Cunard Line Limited d/b/a Seabourn Cruise Line, Defendants.

No. 04–22437–CIV.

United States District Court,
S.D. Florida.
Miami Division.

June 15, 2005.

John Heyward Hickey, Hickey and Jones, Miami, FL, for Kenneth Henson, plaintiff.

Curtis Jay Mase, Mase Gassenheimer & Lara, PA, Miami, FL, for Seabourn Cruise Line Limited Inc., Seabourn Cruise Line Limited Co., Cunard Line Limited Co., Cunard Line Limited, Cunard Line Limited dba Seabourn Cruise Line, All Defendants, defendants.

### ORDER DENYING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

MORENO, District Judge.

The Plaintiff brings this action against Seabourn Cruise Line Limited Inc.; Cruise Line Limited Co.; Cunard Line Limited Co.; Cunard Line Limited; and Cunard Line Limited d/b/a Seabourn Cruise Line for negligence in failing to "provide a reasonably safe vessel, to maintain the subject vessel in a reasonably safe condition, and to promulgate and follow reasonable procedures for passengers to follow in and around lifeboat drills." Presently before the Court is the Defendants' Motion for Partial Summary Judgment (D.E. No. 47), filed on *April 18, 2005.* For

the reasons set forth below, the Defendants' motion is DENIED.

## I. Background

The Plaintiff, a Georgia resident, alleges that during his cruise aboard the Seabourn Pride he suffered personal injuries as a direct result of the negligent actions of Seabourn Cruise Line Limited Inc.; Cruise Line Limited Co.; Cunard Line Limited Co.; Cunard Line Limited; and Cunard Line Limited d/b/a Seabourn Cruise Line. The ship traveled from Canada to New York and made two other stops in United States ports. All passengers aboard the Seabourn Pride were required to engage in a lifeboat drill on the day of the Plaintiff's accident. As part of this drill all passengers were instructed to wear their life vests back to their room. The Plaintiff claims that the life vest impeded his vision and resulted in a fall down a spiral staircase. The Plaintiff disembarked the ship in a Canadian port immediately following his injury and never traveled to any port of the United States. The Plaintiff alleges that the Defendants were negligent because they created the dangerous condition and had actual knowledge of the dangerous condition.

The Defendants filed a motion for partial summary judgment and an order requesting a limitation on damages based on the Athens Convention as listed in the ticket contract. The Plaintiffs argue that 46 app. U.S.C. § 183c prohibits terms limiting liability in contracts for carriage upon a vessel which enters any port in the United States.

## II. Legal Standard

Summary judgment is authorized where there is no genuine issue of material fact. Fed R. Civ. P. 56(c). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). The party opposing the motion for summary judgment may not simply rest upon mere allegations or denials of the pleadings; the non-moving party must establish the essential elements of its case on which it will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The nonmovant must present more than a scintilla of evidence in support of the nonmovant's position. A jury must be able reasonably to find for the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

## III. Analysis

In their motion for partial summary judgment, the Defendants argue that the Athens Convention limits their liability in the present suit because: (1) the Seabourn Pride was a flagged vessel of the Bahamas; and (2) the Athens Convention was included as a term in the ticket contract entered into with the Plaintiff. Further, the Defendants argue that the contract term including the Athens Convention was reasonably communicated so as to make the Athens Convention legally binding. In response, the Plaintiff argues that the Athens Convention comes into direct conflict with 46 app. U.S.C. § 183c and, thus, the Athens Convention is not a valid term of the ticket contract. 46 app. U.S.C. § 183c states:

> It shall be unlawful for the manager, agent, master, or owner of any vessel transporting passengers between ports of the United States or between any such port and a foreign port to insert in any rule, regulation, contract, or agreement any provision or limitation (1) purporting, in the event of loss of life or bodily injury arising from the negligence or fault of such owner or his servants, to

relieve such owner, master, or agent from liability, or from liability beyond any stipulated amount, for such loss or injury, or (2) purporting in such event to lessen, weaken, or avoid the right of any claimant to a trial by court of competent jurisdiction on the question of liability for such loss or injury, or the measure or damages therefor. All such provisions or limitations contained in any such rule, regulation, contract, or agreement are declared to be against public policy and shall be null and void and of no effect.

That the Seabourn Pride was flying the Bahamian flag and that the Bahamas is a party to the Athens Convention is not in dispute. The Athens Convention states that it applies if the ship is flying the flag of or registered in a State party to the Convention, if the contract has been made in any State party to the Convention, or if the place of departure or destination is a State party to the Convention. Article 13 of the Athens Convention limits the liability of a common carrier to a specified amount calculated as Special Drawing Rights. The Defendants argue that the terms of the Athens Convention apply and limit the Plaintiff's claim to damages because the Seabourn Pride was flying the flag of a State that is a party to the Athens Convention, the Bahamas. In support of this argument they cite *Becantinos v. Cunard Line Limited*, 1991 WL 64187 (S.D.N.Y. April 18, 1991). However, *Becantinos* is clearly distinguishable because it failed to address 46 app. U.S.C § 183c.

The Defendants also argue that the Athens Convention should apply because it is a term of the ticket contract, relying on *Berman v. Royal Cruise Line, Limited*, 1995 AMC 1926, 1928–29 (Cal.Sup.1995). However, *Berman* involved a vessel that never entered a United States port and thus 46 app. U.S.C § 183c did not apply. *Id.* The question then is whether 46 app.

U.S.C § 183c should apply to the facts in this case.

This case is unique in that the Plaintiff was injured on a voyage that included United States ports, but the Plaintiff was injured before leaving Canada and thus never entered a United States port. The Defendants argue that the voyage should be treated as one occurring in foreign waters between foreign ports and thus 46 app. U.S.C § 183c should not apply. The Court rejects that argument and concludes that the validity of the contract term rests not on the geographic location of the Plaintiff when he is injured but upon the itinerary included in the contract for voyage. The ticket contract containing the reference to the Athens Convention encompassed the entire voyage, including stops at Boston, Newport, Rhode Island, and New York. 46 app. U.S.C. 183c prohibits contractual liability limitations any time a vessel enters a United States port. The ticket contract was for a voyage including United States ports, thus the Athens Convention was never an enforceable contract term. The determinative basis for the ticket contract is not an individual passenger's location, but rather the vessel's voyage.

The Eleventh Circuit has ruled that with regards to vessels such liability limitations are expressly prohibited by 46 app. U.S.C § 183c. *See Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332 (11th Cir.1984). This court is bound by precedent. That precedent is binding even when an injury occurs in a foreign port provided that the itinerary which is the subject of the contract included ports in the United States

The Court has no reason to consider whether the contract term was reasonably communicated. It would not matter if the Plaintiff himself drafted the Athens Convention. The intimate knowledge of a contract term that violates United States law

still leaves the contract term unenforceable.

## IV. Conclusion

Because 46 app. U.S.C § 183c applies to the voyage and ticket contract at issue, the Defendant's Motion for Partial Summary Judgment (D.E. No. 47), filed on *April 18, 2005,* is DENIED.